**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


REBECCA A. WEEKS,

          Plaintiff,                          Civil Action

                                            Case No. 09-2498-JWL/GLR

v.

DAN MCLAUGHLIN,

          Defendant.

<u>**MEMORANDUM AND ORDER**</u>

       This is an employment discrimination action, arising from terminating the employment of Plaintiff as general counsel for the Kansas State Fire Marshal. Plaintiff alleges that Defendant, the current Kansas Fire Marshal, violated her rights under 42 U.S.C. § 1983 and the First Amendment to the United States Constitution by terminating her employment because of her gender and in retaliation for exercising her rights of free speech. The matter comes before the Court on Defendant's Motion to Strike and Seal the Complaints for a Finding That Plaintiff Committed an Ethical Violation and for an Award of Attorney Fees (doc. 6). Defendant moves to strike, pursuant to Fed. R. Civ. P. 12(f), and seal both the Complaint and Amended Complaint, based upon their pleading attorney-client confidential information. Defendant contends the pleading thus violates Kansas Rule of Professional Conduct 1.6. For the reasons set forth below, the Court denies the motion to strike and grants the motion to seal.

**I.      The Parties' Positions**

       Defendant contends that Plaintiff violated Kansas Rule of Professional Conduct ("KRPC") 1.6 by unnecessarily disclosing, both in her Complaint and Amended Complaint, confidential

information obtained during the course of her employment as general counsel for the Kansas State Fire Marshal's Office. The allegedly confidential information includes details of legal situations as to which she gave her client advice. The pleadings disclose the legal advice given, the client's response to the advice, and the discussion by the parties about the advice. Defendant argues that the detailed disclosure of the advice was not reasonably necessary to state a claim for relief under Fed. R. Civ. P. 8(a). He contends the requirements of notice pleading would have been satisfied by general allegations that legal advice was given and disregarded because of the gender of Plaintiff and that she was discharged for that reason. Defendant asserts it was therefore not necessary for Plaintiff to plead the detailed content of these attorney-client communications. He requests the Court to strike the Complaint and Amended Complaint in their entirety and seal them, because of the alleged violations of KRPC 1.6.

Plaintiff admits that some confidential information relating to her representation of Defendant was disclosed in her Complaint and Amended Complaint. She maintains, however, that this disclosure is authorized under the claim or defense exception to confidentiality contained in KRPC 1.6(b)(3). This exception permits a lawyer to reveal confidential information to the extent she reasonably believes necessary to establish a claim or defense in a controversy between her and the client. Plaintiff argues that the disclosure of confidential information was reasonably necessary to comply with Fed. R. Civ. P. 8(a) and the heightened pleading standards set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*,[1] and *Ashcroft v. Iqbal*.[2]

---

[1]550 U.S. 544, 570 (2007).

[2]129 S. Ct. 1937, 1949-50 (2009).

## II.    Discussion and Analysis

### A.    Did the Disclosures of Confidential Information in the Complaints Violate KRPC 1.6(b)?

The District of Kansas has adopted the Kansas Rules of Professional Conduct promulgated

by the Kansas Supreme Court as "the applicable standards of professional conduct" for the members

of the Bar of this Court.[3]   Under KRPC 1.6, Plaintiff as former in-house counsel has a duty of

confidentiality to the client, as follows:

> (a)  A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraph (b).

> (b)  A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
> (1) To prevent the client from committing a crime; or
> (2) to comply with requirements of law or orders of any tribunal; or
> (3) *to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client*, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client.[4]

This rule of confidentiality applies to all information relating to the representation of the client,

whatever the source, and not just matters communicated in confidence.[5]  In addition, a lawyer's duty

of confidentiality continues after the lawyer-client relationship has terminated.[6] It therefore applies

to former clients.  This ethical requirement of confidentiality has been "interpreted broadly, with the

---

[3]D. Kan. Rule 83.6.1(a).

[4]KRPC 1.6 (emphasis added).

[5]KRPC 1.6 cmt. 5.

[6]*In re Bryan*, 275 Kan. 202, 225, 61 P.3d 641, 658 (2003); KRPC 1.6 cmt. 20.

3

exceptions being few and narrowly limited."[7]

KRPC 1.6(b) sets out three exceptions to a lawyer's duty of confidentiality to a current or former client. Plaintiff relies upon the third exception, commonly referred to as the "claim or defense" exception. This exception permits a lawyer to reveal confidential information to the extent he or she "reasonably believes necessary to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client."[8] This exception is not limited to a claim for attorney fees.[9] It has been found applicable to a former in-house lawyer's personal claim for retaliatory discharge against her employer-client.[10]

Plaintiff contends that under the "claim or defense" exception, her disclosure of client confidential information was reasonably necessary to state a claim for relief under Fed. R. Civ. P. 8(a)k, given the heightened standards of pleading created by *Twombly* and *Iqbal*. Defendant argues that the detailed disclosures were not reasonably necessary to state a claim for relief. He suggests

---

[7]*In re Bryan*, 275 Kan. at 222, 61 P.3d at 656.

[8]KRPC 1.6(b)(3).

[9]*See Heckman v. Zurich Holding Co. of Am.*, 242 F.R.D. 606, 611 (D. Kan. 2007) (finding that the "claim or defense" exception in KRPC 1.6(b)(3) is not limited to attorney fee disputes). *See also* ABA Model Rule 1.6, Model Code Comparison (1984) (When the "claim or defense" language was added to the confidentiality exception in Model Rule 1.6(b)(2), it enlarged the exception "to include disclosure of information relating to claims by the lawyer other than for the lawyer's fee.").

[10]*See Heckman*, 242 F.R.D. at 610-11 (finding the KRPC 1.6(b)(3) "claim or defense" exception applicable to a former in-house lawyer's personal claim against her employer-client). *See also Spratley v. State Farm Mut. Auto. Ins. Co.*, 78 P.3d 603, 608-09 (Utah 2003) (adopting literal interpretation of Rule 1.6 that permits in-house counsel to reveal confidential client information in order to establish claim against employer); *Crews v. Buckman Labs. Int'l, Inc.,* 78 S.W. 3d 852, 857 (Tenn. 2002) (permitting in-house counsel to reveal client confidences essential to support retaliatory discharge claim); *Burkhart v. Semitool, Inc.*, 5 P.3d 1031, 1041-42 (Mont. 2000) (allowing in-house counsel to reveal confidential attorney-client information to establish employment related claims against an employer-client under Rule 1.6).

that general allegations that Plaintiff gave legal advice to Defendant that was disregarded because of her gender, and that she was subsequently discharged because her advice was disregarded due to her gender, would have sufficed to state a claim for relief.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Before 2007 the pleading standard for "claims for relief" was governed by *Conley v Gipson*.[11] Under *Conley*'s standard of notice pleading, courts could grant motions to dismiss a claim for relief only when "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief."[12] In 2007, the United States Supreme Court, in *Bell Atlantic Corp. v. Twombly*,[13] departed from the *Conley* standard and introduced a plausibility standard. Under *Twombly*, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[14] The *Twombly* Court further described the standard for specificity. It stated that a pleading "does not need detailed factual allegations," but does need to provide the grounds for entitlement to relief and requires "more than labels and conclusions."[15] A plaintiff thus bears the burden to frame the complaint with enough factual matter to suggest she is entitled to relief; threadbare recitals of a cause of action,

---

[11]355 U.S. 41, 45-46 (1957).

[12]*Id.*

[13]550 U.S. 544, 570 (2007).

[14]*Id.* at 570.

[15]*Id.* at 555.

accompanied by mere conclusory statements, do not suffice.[16]

In *Ashcroft v. Iqbal*, the Supreme Court reiterated that a complaint will not suffice if it tenders a "naked assertion" devoid of "further factual enhancement."[17]  Rather, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]  Legal conclusions can provide the framework of a complaint, but they must be supported by factual allegations.[19]

Plaintiff claims that Defendant terminated her employment as general counsel because of her gender.  She alleges this violated 42 U.S.C. § 1983 and that Defendant retaliated against her for exercising rights of free speech guaranteed by the First Amendment.  She alleges her legal advice to Defendant was ignored on several occasions, unless the same opinion was provided by a male non-attorney.  Paragraphs 9 through 16 of her Complaint and Amended Complaint describe the situations that necessitated her legal advice, its content, the response by Defendant, and their ensuing discussion.

To resolve the present motion, the Court finds it unnecessary to determine whether the pleadings here included more than *Twombly* and *Iqbal* require.  It will assume *arguendo* that those cases do not require pleading the detailed legal advice that the Complaint and Amended Complaint contain.  Without a determination of that issue, the Court finds that counsel reasonably relied upon the exception to confidentiality provided by KRPC 1.6(b)(3).  The rule permits a lawyer to reveal

---

[16]*Twombly*, 550 U.S. at 556.

[17]*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

[18]*Id*. at 1949.

[19]*Id*. at 1950.

confidential information to establish a claim to the *extent the lawyer reasonably believes necessary*. Plaintiff has explained that her counsel believed the detailed disclosure of client information was necessary to comply with the heightened pleading standard of *Twombly* and *Iqbal*. That included specific factual content to justify an inference that Defendant retaliated against her for exercising a right of free speech and discriminated against her because of her gender.

The Court believes that heightened pleading standards set forth by *Twombly* and *Iqbal* have created some reasonable uncertainty among lawyers as to the extent of factual allegations necessary to state a claim for relief. It finds this uncertainty understandable. Counsel for Plaintiff could reasonably have concluded that the disclosures were necessary to state a claim for relief in her complaints. Accordingly, it finds the disclosure in the pleadings to fall within the "claim and defense" exception provided by KRPC 1.6(b)(3).

**B.      Did Plaintiff Attempt to Limit the Disclosures of Confidential Client Information in her Complaints?**

Defendant further argues that regardless of whether the detailed pleading of confidential communications was reasonably necessary, Plaintiff nonetheless had a duty to take every practicable measure to avoid unnecessary disclosure. The Court agrees. Comment 18 to KRPC 1.6, addressing disputes about the conduct of a lawyer, contains further cautionary instruction:

> In any event, disclosure should be not greater than the lawyer reasonably believes is necessary to vindicate innocence, *the disclosure should be made in a manner which limits access to the information to the tribunal or other persons having a need to know it*, and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable.[20]

This comment addresses situations in which a client asserts a claim or disciplinary charge against a lawyer. The instant case presents different facts. But the Court believes that the same principle

---

[20]Emphasis added.

should apply here, where a lawyer is asserting a claim against a former employer-client. The comments to Rule 1.6 of the ABA Model Rules of Professional Conduct echo the principle that, in revealing client confidential information, the "disclosure adverse to the client's interest should be no greater than the lawyer reasonably believes necessary to accomplish the purpose."[21] When made in connection with a judicial proceeding, the disclosure "should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable."[22] The ABA's Formal Ethics Opinion 01-424 relies upon this language in determining that a lawyer asserting a claim for retaliatory discharge must limit disclosure of confidential client information to the extent reasonably possible. It concludes that the lawyer must take "reasonable affirmative steps" to avoid unnecessary disclosure and limit the information revealed.[23]

Even in the *Heckman* case, in which in-house counsel could reveal confidential information under Rule 1.6(b)(3) to the extent necessary to establish a retaliatory discharge claim, the plaintiff took measures to limit disclosure by filing a redacted version of the complaint and filing the unredacted version under seal. Subsequent disclosures of confidential information occurred only after entry of a protective order.

This Court finds no indication, however, that counsel for Plaintiff took *any* measures to limit access to the confidential information. She could have sought leave to file the complaint or portions of it under seal.

---

[21]Model Rules of Prof'l Conduct R. 1.6 cmt. 14 (2007).

[22]*Id.*

[23]ABA Formal Ethics Formal Op. 01-424 (2001).

### III. Remedies Sought for Disclosure of Client Confidential Information

As discussed above, the Court finds that KRPC 1.6(b)(3) permits Plaintiff, as former in-house counsel to Defendant, to reveal confidential information to the extent reasonably necessary to establish her employment related claims against Defendant. But Plaintiff must take reasonable affirmative steps to avoid unnecessary disclosure and to limit access to the information revealed. Plaintiff has taken no steps to limit access to the confidential information. Defendant seeks a remedy for this failure. He requests the Court to strike both the Complaint and Amended Complaint in their entirety, pursuant to Rule 12(f). He also asks that they be sealed, pending resolution of this motion.

The Court finds that striking the complaints in their entirety, pursuant to Rule 12(f), is not an appropriate remedy. Rule 12(f) contemplates striking portions of a pleading that are "redundant, immaterial, impertinent, or scandalous." Defendant has not asserted any of these grounds. The Court rejects the request to strike the complaints in their entirety. Defendant has shown sufficient cause, however, for both the Complaint and Amended Complaint be placed under seal. The Court also finds that a protective order is appropriate to prohibit Plaintiff from disclosing or using this confidential information for any purpose other than as may be reasonably necessary for this litigation or for any disciplinary proceedings.

### IV. Request for an Award of Attorney Fees

Defendant also requests an award of attorney fees incurred in filing the motion. He argues that case law supports such an award under the inherent powers of the Court, when an attorney or litigant has demonstrated bad faith in conducting the litigation. He argues that the award is warranted here, because the unlimited disclosure of confidential information has caused him to incur

additional fees for the present motion. According to Defendant, Plaintiff's actions were intentional, reckless, unreasonable, unnecessary, and made in bad faith.

The Court agrees that Plaintiff and her counsel should have exercised greater care in disclosing confidential client information in her complaints. The Court further agrees that failure to limit the disclosure caused Defendant to incur additional attorney's fees for this motion. Defendant has cited no statute or rule, however, upon which he bases his request for fees. He instead asks that the Court to use its inherent power to fashion an appropriate remedy. He cites *Hammond v. City of Junction City*[24] as an example of a case in which the court assessed attorney fees, without statutory authority, upon its inherent power to fashion an appropriate penalty or sanction improper conduct by an attorney. In *Hammond,* the court entered sanctions of attorneys' fees in conjunction with a disqualification of counsel for violating ethical rules against *ex parte* contacts. *Hammond* involved significantly different facts from those presented here. Defendant has cited no case with facts similar to those now before this Court.

The Court does not find that Plaintiff acted in bad faith. Plaintiff believed she was permitted to disclose confidential information to establish her claims. Absent any statute or rule authorizing an award of attorney fees in these circumstances, the Court declines to use its inherent power to award attorney's fees in the absence of bad faith. The Court denies Defendant's request for attorney fees.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike and Seal the Complaints, for a Finding That Plaintiff Committed an Ethical Violation and for an Award of Attorney Fees (doc. 6) is granted in part and denied in part, as set forth herein. The Clerk of the

_____

[24]No. 00-2146-JWL, 2002 WL 169370, at *9 (D. Kan. Jan. 23, 2002).

Court is directed to seal the Complaint (doc. 1) and Amended Complaint (doc. 5) and restrict them from public view.

**IT IS FURTHER ORDERED** that for any future pleadings or filings by Plaintiff that reveal the content of her confidential communications with Defendant, Plaintiff should redact the confidential information from the publicly-filed pleading and file the unredacted version under seal. The Court further orders that Plaintiff disclose such communication only as needed for this litigation or any disciplinary proceedings or otherwise upon waiver of confidentiality by Defendant.

Dated in Kansas City, Kansas on this 10th day of March, 2010.


s/ Gerald L. Rushfelt

Gerald L. Rushfelt
United States Magistrate Judge