# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

REBECCA A. WEEKS,

        Plaintiff,               Civil Action

                                    Case No. 09-2498-CM/GLR

v.

DAN MCLAUGHLIN,
et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion for Leave to Amend Their Answer to Plaintiff's Second Amended Complaint (ECF No. 37-1). Defendants seek leave to amend their answer, pursuant to Fed. R. Civ. P. 15(a)(2), to add an affirmative defense based on after-acquired evidence. Plaintiff opposes the motion on grounds of undue delay in filing the motion. She contends she would be unduly prejudiced by the amendment and that Defendants knew of the alleged actions giving rise to the proposed defense before or shortly after her employment was terminated. For the reasons set forth below, the Court grants the motion.

Under Federal Rule of Civil Procedure 15(a)(1)(A), a defendant may amend its answer once as a matter of course within 21 days after serving it. Otherwise, a party may amend "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[1] The decision to grant leave to amend, after the permissive period, is within the

---

[1] Fed. R. Civ. P. 15(a)(2).

district court's discretion and will not be disturbed absent abuse of that discretion.[2] Leave to amend should be denied when the court finds "undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[3] For purposes of Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[4] Courts have found that undue prejudice often "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[5]

In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.[6] The Tenth Circuit has recognized that Rule 15 is intended to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.[7]

The original Scheduling Order (ECF No. 17) set a deadline of March 29, 2010 for motions to amend the pleadings. Defendants filed their motion September 15, 2010. Acknowledging expiration of the deadline, they explain they did not possess relevant documents and information about the conduct of Plaintiff before the deadline. They also contend they learned about her alleged

---

[2]*Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[3]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[4]*Carefusion 213, LLC v. Prof'l Disposables, Inc.*, Civ. A. No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010).

[5]*Id.*

[6]*Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989).

[7]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

misrepresentations when they received her answers to interrogatories on July 22, 2010. Plaintiff does not dispute the assertion that Defendants did not possess the documents regarding email and internet usage before the March 29, 2010 deadline for filing motions to amend. She disputes their contention, however, that they did not know about the alleged misrepresentation before July 22. She argues that Defendant McLaughlin testified that he questioned whether Plaintiff was being honest on April 13, 2010, when the alleged misrepresentation took place. He further testified that he received confirmation that same week after speaking with another employee.

The Court finds that Defendants should be permitted to amend their answer. They have adequately explained circumstances for filing their motion after the March 29 deadline. Due to problems in obtaining relevant, electronically stored information, they had insufficient information for a more timely motion. The Court can readily assume that Defendants lacked sufficient information about alleged misrepresentation regarding the Yorkey matter, until they received answer to interrogatories. The testimony upon deposition shows that Defendant McLaughlin had suspicions about the truthfulness of Plaintiff's reported involvement in the Yorkey matter. Answers to interrogatories, however, provided added information to support the suspicions. Defendants have not unduly delayed in filing their motion to amend their answer.

Plaintiff, moreover, has not shown that the amendment would cause her undue prejudice. Although discovery closed September 29, 2010, the case is not set for trial before June 2011. The addition of the affirmative defense should not require extensive discovery beyond what has already been completed. Most of the depositions taken by Plaintiff were conducted after Defendants filed their motion, giving Plaintiff notice of the substance of the proposed additional affirmative defense. The questions posed by Plaintiff at these depositions suggest she might well anticipate the additional

3

affirmative defense. Time remains to allow Plaintiff additional discovery and disclosures, if necessary. Defendants have offered Plaintiff the opportunity to take a deposition of Mr. Blunt, the DISC employee who imaged KFMO's servers and hard drives.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion for Leave to Amend Their Answer to Plaintiff's Second Amended Complaint (ECF No. 37-1) is granted. Defendants shall electronically file their Amended Answer to Second Amended Complaint forthwith.

Dated in Kansas City, Kansas on this 19th day of October, 2010.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge
